Filed 2/26/14  P. v. Osiow CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C074688 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-2057) |
| v. | |
| GREGORY KEITH OSIOW, | |
| Defendant and Appellant. | |

Defendant Gregory Keith Osiow pleaded no contest to two counts of corporal injury on a cohabitant in exchange for a stipulated sentence of two years in state prison. Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110.  In accordance with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

On April 18, 2013, a verbal argument between defendant and his live-in girlfriend escalated into defendant slapping, punching, and kicking her, resulting in bruising.  On

1

May 17, 2013, defendant punched the mother of his children, causing her to fall to the ground. He broke her glasses, threw her cell phone, and took her money.

Defendant entered a plea of no contest to two counts of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)—count 2 [a felony] & count 3 [reduced to a misdemeanor]) in exchange for dismissal of the remaining counts and a stipulated state prison sentence of two years. The court imposed the low term of two years for count 2 and a concurrent one-year term for count 3.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                              BUTZ            , J.

We concur:

     NICHOLSON      , Acting P. J.

     HULL            , J.